IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH SMITH,

      Plaintiff,

vs.

U.C. DAVIS MEDICAL CENTER,

      Defendant.

No. CIV 10-1504 FCD EFB PS

ORDER

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

      Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

1  (3) be authorized by a federal statute that both regulates a specific subject matter and confers
2  federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity
3  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the
4  matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World*
5  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction
6  of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of
7  subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys*
8  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

9  　　　　Here, plaintiff's complaint alleges that U.C. Davis Medical Center, as well as the chief of
10 the hospital and a registered nurse employed there, violated his constitutional rights, and he
11 seeks redress pursuant to 42 U.S.C. § 1983. However, in order to state a claim under § 1983,
12 plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that
13 the violation was committed by a person acting under the color of state law. *See West v. Atkins*,
14 487 U.S. 42, 48 (1988). Upon review of the complaint, it appears that plaintiff has not identified
15 proper defendants pursuant to § 1983. Plaintiff fails to allege that any of the defendants were
16 state actors or that they were otherwise acting under color of law. *See Sutton v. Providence St.*
17 *Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional
18 deprivation under § 1983 must be a person who may fairly be said to be a governmental actor)
19 (citation and quotations omitted). Section "1983 excludes from its reach merely private conduct,
20 no matter how discriminatory or wrong." *Id.* (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*,
21 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). Furthermore, plaintiff
22 fails to identify the constitutional rights the defendants allegedly violated, or explain how their
23 actions resulted in the deprivation of any constitutional right.

24 ////
25 ////
26 ////

Therefore, plaintiff's complaint will be dismissed. However, plaintiff is granted leave to file an amended complaint and name proper governmental actors, if any can properly be listed as defendants. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant. He shall also specify a basis for this court's subject matter jurisdiction.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must

////

4

1 be labeled "Amended Complaint." Failure to timely file an amended complaint in accordance
2 with this order will result in a recommendation this action be dismissed.
3 DATED: July 19, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE